UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 09-11086-RWZ

KRISTEN NELSON THIBEAULT

v.

TOTAL BEAUTY MEDIA, INC., *et al.*

ORDER

May 12, 2010

ZOBEL, D.J.

I.   **Overview**

Plaintiff Kristen Nelson Thibeault ("Thibeault"), a former employee of Total Beauty Media, Inc., brings this suit against the company and its CEO Emrah Kovacoglu (collectively "TBM"), along with TBM's human resources corporation, TriNet HR Corporation ("TriNet") which arises out of a soured employment relationship.  The TBM defendants counterclaimed for injunctive and declaratory relief as well as damages based on allegations of breach of contract and misappropriation of trade secrets and other theories.

Plaintiff (defendant-in-counterclaim) Thibeault has moved to dismiss the counterclaim in its entirety.  (Docket # 33.)

II.  **Facts**

Insofar as relevant to the pending motion, the facts disclosed in the pleadings are these.  Thibeault was an employee of TBM, a start up company in the online beauty

industry, from 2007 through 2008.  She was the company's Vice-President of Business Development and was primarily responsible for marketing and expanding the client base.  Her employment was governed in part by a contract entitled the At-Will, Confidential Information and Invention Assignment Agreement ("Confidentiality Agreement"), which prohibited the use or disclosure of any "confidential information" of TBM.

In June 2008, Thibeault went on medical leave and returned to work in September 2008.  In December 2008, she was terminated.  Shortly thereafter, in January 2009, she was employed by Makeover Solutions, Inc. ("Daily Makeover"), one of TBM's main competitors.  See Docket # 31, Counterclaim, ¶¶ 16-18.

In April 2009, Kovacoglu sent a cease and desist letter to Daily Makeover, which stated that Thibeault was misusing TBM's confidential information in violation of her Confidentiality Agreement with TBM and demanded that Daily Makeover and Thibeault immediately cease such use.  Thibeault says that she was terminated by Daily Makeover within a week of its receipt of the letter.

Thibeault thereafter filed suit against the TBM defendants for defamation (Count I), tortious interference with contract (against Kovacoglu) (Count II), tortious interference with business relations (against Kovacoglu) (Count III); tortious interference with contract (against TBM) (Count IV); tortious interference with business relations (against TBM) (Count V); and violation of Mass. Gen. Laws ch. 149, § 148 (against TBM and TriNet) (Count VI).

TBM counterclaimed for taking of trade secrets in violation of Mass. Gen. Laws

ch. 93, § 42 (Count I); injunctive relief with respect to taking of trade secrets pursuant to Mass. Gen. Laws ch. 93, § 42A (Count II); declaratory judgment Mass. Gen. Laws ch. 231A (Count III); misappropriation of confidential and proprietary business information (Count IV); breach of contract (Count V); intentional and tortious inference with advantageous contractual/business relations (Count VI); unjust enrichment (Count VII); accounting (Count VIII); conversion (Count IX); and breach of fiduciary duty (Count X).

### III.   Analysis

Thibeault moves to dismiss on the ground that defendants' counterclaims are governed by California law and are therefore preempted by the California Uniform Trade Secrets Act, Cal. Civil Code §§ 3426 et seq. ("CUTSA") (Docket # 33).  The TBM defendants disagree that Counts I, II, III, and V are preempted by the CUTSA, and seek leave to amend their counterclaims to bring Counts IV and VI-X under the CUTSA.

#### A.   Counts I, II and III:  Choice of Law Analysis

First, Thibeault asserts that Counts I (taking of trade secrets brought under Mass. Gen. Laws ch. 93 § 42), II (injunctive relief brought under Mass. Gen. Laws ch. 93 § 42A), and III (declaratory relief brought under Mass. Gen. Laws ch. 231A) are preempted by the CUTSA.  TBM contends that these claims are properly brought under Massachusetts state statutes.

As an initial matter, the parties agree that the Confidentiality Agreement provides that it will be governed by California law which therefore applies to the claims arising

3

out of that Agreement.  See Docket # 31, Counterclaim, Exhibit A, at 4, ¶ 10A.[1]  Id.  In general, the Confidentiality Agreement prohibits Thibeault from disclosing TBM's confidential and proprietary business information for any purpose other than for the benefit of TBM.  Id. at 1, ¶ 2A.

Whether Counts I, II and III are governed by the Agreement, as Thibeault contends, or arise under the common law of Massachusetts, as TBM argues, they are governed by the law of California.  If they are characterized as Massachusetts tort claims, choice of law principles dictate the application of California law.   In a diversity case, a federal court must apply the substantive law of the forum state, including that state's conflict of laws provisions.  Klaxon v. Stentor Mfg. Co., 313 U.S. 487 (1941).  Under Massachusetts choice of law rules, "tort claims are governed by the law of the state where the alleged injury occurred, unless another state has a more significant relationship to the cause of action."  Bergin v. Bartmouth Pharm. Inc., 326 F. Supp. 2d 179, 183 (D. Mass. 2004).  The only connection to Massachusetts is the fact that Thibeault resided here during the events in issue.  The injury to defendants, located in California, occurred in California.  Therefore, these claims are governed by California law, and must be brought under California state statutes.  Accordingly, plaintiff's motion to dismiss is allowed as to Counts I, II and III.[2]

---

[1] The Agreement specifically states: "This Agreement will be governed by the laws of the State of California."

[2] While defendants analyze the claim for declaratory relief (Count III) as though it were a common law claim subject to preemption under the CUTSA, it is not a common law claim but rather a statutory claim.  See Docket # 31, Counterclaim Count III (alleging violation of Mass. Gen. Laws ch. 231A).  Even if analyzed as a common law

### B.     Count V: Preemption Analysis

Next, Thibeault contends that defendants' claim for breach of contract (Count V) is preempted by the CUTSA. The parties agree that this count is governed by the Confidentiality Agreement, and therefore California law applies, but TBM contends that it is not preempted because the claim falls within an exception to the CUTSA.

In general, the CUTSA preempts "all common law claims that are based on an allegation of misappropriation of trade secrets." <u>Digital Envoy, Inc. v. Google, Inc.</u>, 370 F. Supp. 2d 1025, 1033 (N.D. Cal. 2005); <u>see</u> <u>also</u> Cal. Civil Code §§ 3426 <u>et</u> <u>seq.</u> (providing for monetary damages and injunctive relief for misappropriation of trade secrets). In addition, the statute expressly carves out certain claims from preemption, namely, those based upon breach of contract, criminal remedies, or other civil remedies that are <u>not</u> based on trade secret misappropriation. The statute provides, in pertinent part:

> (a) Except as otherwise expressly provided, this title does not supersede any statute relating to misappropriation of a trade secret, or any statute otherwise regulating trade secrets. (b) <u>This title does not affect (1) contractual remedies, whether or not based upon misappropriation of a trade secret, (2) other civil remedies that are not based upon misappropriation of a trade secret, or (3) criminal remedies, whether or</u>

---

claim, it is based on the same nucleus of facts as the misappropriation of trade secrets claim, namely, that Thibeault took and retained TBM's trade secrets including the terms of blogger agreements with TBM and used that information for the benefit of Daily Makeover. See <u>Digital Envoy, Inc. v. Google, Inc.</u>, 370 F. Supp. 2d 1025, 1035 (N.D. Cal. 2005) (concluding that "all state law claims based on the same nucleus of facts as the trade secrets claims are preempted under California's UTSA." ). It would therefore be preempted by the CUTSA. <u>Compare</u> Docket # 31, Amended Counterclaims, Count I <u>with</u> Count III (both claims contesting Thibeault's taking and using of TBM's trade secrets, including but not limited to "the terms of blogger agreements with TBM and their respective traffic figures....").

<u>not based upon misappropriation of a trade secret</u>. © This title does not affect the disclosure of a record by a state or local agency under the California Public Records Act (Chapter 3.5 (commencing with Section 6250) of Division 7 of Title 1 of the Government Code). Any determination as to whether the disclosure of a record under the California Public Records Act constitutes a misappropriation of a trade secret and the rights and remedies with respect thereto shall be made pursuant to the law in effect before the operative date of this title.

<u>See</u> Cal. Civil Code § 3426.7 (emphasis added).  Thus, by its terms, the CUTSA only preempts claims based upon misappropriation of trade secrets "that are not specifically exempted by its § 3426.7(b) savings clause." <u>Convolve</u>, 2006 WL 839022, at *6 (S.D.N.Y. 2006).

The breach of contract action (Count V) is specifically exempted under § 3426.7(b)(1), which provides for an exemption for contractual remedies.  The CUTSA expressly states that it does not preempt breach of contract claims, even if based upon misappropriation of a trade secret.  <u>See</u> § 3426.7(b)(1) ("This title does not affect contractual remedies, whether or not based upon misappropriation of a trade secret."). <u>See</u> <u>HiRel Connectors, Inc. v. United States</u>, 2006 WL 3618008 (C.D. Cal. July 18, 2006) (claim for breach of contract not preempted by CUTSA).  Plaintiff's motion to dismiss Count V is therefore denied.

### C.    Counts IV and VI through X

The TBM defendants concede that Counts IV and VI through X are preempted by the CUTSA and request leave to amend the complaint to bring these claims under the CUTSA.[3]  That request is allowed.

---

[3] In her reply brief, plaintiff argues that leave to amend should be denied because amendment would be futile since the amended counterclaims relating to

## IV. Conclusion

For the reasons discussed above, Thibeault's motion to dismiss (Docket # 33) is

ALLOWED WITHOUT PREJUDICE with respect to Counts I-IV and VI-X, and DENIED

---

misappropriation of trade secrets would be groundless.  Since no amended complaint has yet been filed, the argument is premature.

with respect to Count V.  TBM's request for leave to file an amended counterclaim is ALLOWED.

      May 12, 2010                                      /s/Rya W. Zobel
          DATE                                            RYA W. ZOBEL
                                                    UNITED STATES DISTRICT JUDGE